## Josiah G. Chase *vs.* City of Lowell.

A vote of an authorized committee of a city, electing their clerk city engineer for a year from a subsequent day, duly recorded, and signed by him as their clerk, is sufficient to take his appointment out of the statute of frauds, although the amount of compensation is not mentioned in the vote.

The appointment, by a city council, for a definite time, of a city officer entitled to compensation for his services, if accepted by him, constitutes a contract between him and the city, which cannot be changed by a subsequent ordinance of the city and vote of the city council, without his consent.

﹣ ACTION OF CONTRACT to recover, among other things, $250 for one quarter's salary as city engineer of Lowell. The other matters in dispute were determined by an auditor, to whom the case was referred, and who reported in the plaintiff's favor as to this item, subject to the opinion of the court upon the following facts:

On the 24th of February 1854 the city council of Lowell, by concurrent votes of the two branches, passed a resolution, authorizing the joint committee on streets " to contract with and employ a suitable person for city engineer for the ensuing year, or for such time as they may deem expedient for the interest of the city, at a rate of compensation not to exceed one thousand dollars per year; also to employ a clerk for the service of the above named committee, for such time as may be necessary for the prompt despatch of the business connected with the duties of said committee, at a salary not to exceed one hundred dollars per year." On the 21st of February 1854 said committee, by votes, chose the plaintiff their clerk for " the present municipal year," and city engineer " for one year from the 1st day of April 1854 and ending April 1st 1855 ; " and these votes were entered on their record, and signed by the plaintiff as their clerk. There was no other evidence of any contract between the parties, and no evidence, either in the record or otherwise, that the committee ever fixed the amount of the compensation which the plaintiff should receive in either capacity. ﹒ The plaintiff performed the duties of such clerk until the first Monday of January 1855, (the end of the municipal year,) and of city engineer from the time of his election until the 13th of January 1855, (when he was notified by the mayor of the election of his successor in the office of city engineer,) and always held himself in readiness to perform such services until the 2d of April 1855. The defendants admitted that, if the plaintiff was entitled to recover any thing, he was entitled to recover at the rate of $1,000 a year.

On the 10th of October 1854 the city council of Lowell passed a code of revised ordinances, which took effect on the 1st of November ensuing, and provided that certain officers, including a city engineer, should be chosen by the city council,

by concurrent vote, in the month of January, or as soon after as may be, annually ; and might be removed, at any time, by a vote of the city council. On the 9th of January 1855 the city council chose Cyrus Latham city engineer, in the manner provided by the revised ordinances. The city had no previous ordinance establishing the office of city engineer, but had been accustomed to pass resolutions annually, like that of February 21st 1854, under which the committee of streets usually chose a city engineer for the year commencing from the 1st of April following each election.

I. S. Morse, for the plaintiff.

A. R. Brown, for the defendants.

METCALF, J. The only question that is raised on the auditor's report respects his allowance of $250 to the plaintiff, for a quarter's salary as city engineer.

The defendants object to the allowance of this sum, on the ground, first, that his agreement with them, as engineer, was not to be performed within one year from the making thereof, and therefore the statute of frauds (Rev. Sts. c. 74, § 1) is a defence to his claim. But if that agreement was within that statute, we are of opinion that the recorded vote of the committee on streets, passed on the 21st of February 1854, and signed by the plaintiff as clerk, was a sufficient note or memorandum thereof in writing.

The defendants object to this claim, secondly, because, as they insist, he was not city engineer during the quarter for which he seeks compensation ; but that he ceased to be such after the election of Latham to that office, in January 1855. We think this objection cannot prevail. Whatever may be the authority of the legislature to shorten the term of offices, when that term is not fixed by the Constitution, (Taft v. Adams, 3 Gray, 126,) we are of opinion that cities and towns have no such authority as to city or town offices (unless it be expressly conferred by statute) except in cases where the officer misbehaves in his office, or otherwise becomes unfit to perform its duties. The election or appointment, for a definite time, of a city officer or agent entitled to pay for his services, (when no law prescribes

a different time for the duration of the office or agency,) and an acceptance by him of such office or appointment, constitutes, in our judgment, a contract between the city and him, which cannot be dissolved or changed by the mere will and act of the city.

*Judgment for the plaintiff.*