The Argus Company *v.* The Mayor, &c., of the City of Albany.

## The Argus Company, Appellant, *v.* The Mayor, &c., of the City of Albany, Respondent.

(General Term, Third Department, March, 1873.)

A city council having designated the plaintiff's newspaper as "the official paper, in accordance with the former resolution of the common council establishing an official organ," the resolution referred to providing for publication of its proceedings, and the city advertisements, in a paper to be designated for a term of three years, at a certain annual sum, and the current rates for advertisements, with authority to the city chamberlain to contract with the proprietors,—*Held,* that the resolution was in the nature of a proposal.

*Held,* also, the resolution having been entered in the minutes of the council, which were signed, in the discharge of his duty, by its clerk, and an acceptance in writing having been signed by the plaintiff and filed with the clerk, that there was a valid contract in writing, &c., under the statute of frauds.

*So held,* where both parties had acted under the agreement.

The fact that both parties proceeded with the performance is sufficient to warrant the conclusion that the clerk was either originally empowered to subscribe the resolution, in behalf of the corporation, and in that manner complete the memorandum required by the statute, or that his act in so doing was afterward ratified by the corporation. (Per Daniels, J.)

*Chase* v. *City of Lowell* (7 Gray, 35), approved and followed.

And *held,* that if the resolution required a contract by the chamberlain, the requirement was waived.

It being required by the city charter that a resolution involving an appropriation or expenditure of moneys be passed by a two-third vote taken by yeas and nays and entered in the minutes,—*Held,* that the resolution did not require a vote in this manner, as the former one provided for the expenditure, and the latter provided a party who should perform the work.

Appeal by the plaintiff from a judgment upon the report of a referee in favor of plaintiff against the defendant for $459.16.

The plaintiff claimed that it was entitled to judgment for a larger amount than that awarded.

The following are the principal facts in the case, as found by the referee:

The common council of the city of Albany, on the tenth day of December, 1862, adopted a resolution referring it to the printing committee of the council to consider and report as to the propriety of establishing an official organ for the city and the proper compensation for the same. This committee afterward reported a resolution that the proceedings of the board should be reported for, and published in, one daily paper, to be designated by the board at an annual expense not to exceed $1,000, and that all city advertising should be published at the rates prescribed by law for the publication of legal notices in the same paper, the designation to be for the term of three years; also, that all printing and binding, chargeable to the city, should be done by the proprietor or proprietors of such paper, for the like term, at the rates current in the city, and that the chamberlain should be and he was thereby authorized to enter into contract accordingly with such proprietor or proprietors as the board might designate. This resolution was adopted on the twenty-sixth day of January, 1863, by a two-thirds vote, taken by yeas and nays.

The newspaper of the plaintiff was, on motion, designated as such official paper on the twenty-sixth day of January, 1863, and a contract in writing, pursuant to such resolution, was entered into between plaintiff and defendants on the twenty-seventh day of January, 1863, for three years from that date, such contract being signed and sealed on the part of the defendants by the chamberlain.

On January 16th, 1866, the common council adopted a resolution "that the Argus be and hereby is designated as the official paper, in accordance with the former resolution of the common council establishing an official organ for this city." This resolution was not adopted by a vote taken by yeas and nays, but it was entered on the minutes of the board, which were signed by the clerk of the common council, and, after the adoption of the resolution, the plaintiff subscribed a written acceptance thereof, which was filed by the plaintiff with the clerk of the common council January 27th, 1866.

After such acceptance the plaintiff proceeded to publish the proceedings of the common council in the Argus, and continued so to do for the space of three years thereafter.

On the fourth day of June, 1866, the common council passed a resolution purporting to rescind that of January 16th, 1866, and also resolutions modifying that of January 26th, 1863, and awarding the printing, binding and advertising to three other papers.

After the adoption of these resolutions the plaintiff, by a written and printed notice to the common council, protested against such last named resolutions, and gave notice that it was ready to go on and fulfill on its part, and that it still considered itself the official organ, and was ready and willing and offered to do all the printing and binding referred to in the resolution of January, 1863, and upon the terms therein mentioned.

After June 4th, 1866, the defendants refused and neglected to furnish the plaintiff with any printing or binding under said resolution. The printing and binding actually awarded by defendants to other parties during the term of three years from January 27th, 1866, amounted at current rates to $4,342.54, of which amount thirty per cent or $1,304.75 was profit. The profit upon city advertising awarded to and done by other parties was $1,500.

The referee found (1) that the resolution of January 26th, 1863, established a permanent official organ for the defendants, to be designated every three years; (2) that the resolution of January 16th, 1866, designating the Argus as such official organ, did not involve an appropriation or expenditure of money, or require a two-thirds vote to be taken by yeas and nays, but was legally passed; (3) that such resolution and the acceptance thereof by plaintiff constituted a contract between the plaintiff and defendant, by which the plaintiff was to be the official organ for three years, and was to publish the proceedings of the common council at the rate of $1,000 per year, to do all the city advertising at the rates prescribed by law, and all printing and binding chargeable to

the city at rates current in Albany, for said term of three years, which contract would have been valid and binding if executed as required by the statute of frauds; (4) that such contract, not being to be performed within one year, was within the statute of frauds, and was not subscribed by defendant, and is void; (5) that plaintiff was entitled to recover for reporting and printing the proceedings of the common council after the 27th of January, 1866, and before June 4th, 1866, the sum of $105.55 and interest. The plaintiff excepted to the finding that the contract was void under the statute, and also to the finding as to the amount that plaintiff was entitled to recover, on the ground that the amount of the recovery should have been larger.

*Matthew Hale*, for the appellant.

*N. C. Moak*, for the respondent.

Present—MILLER, P. J., DANIELS and DANFORTH, JJ.

MILLER, P. J.   The findings of the referee and the evidence in this case establish that the plaintiff fulfilled all the obligations imposed by the contract made with the defendants, so far as he was allowed to do so by the defendant, and was entitled to recover therefor, unless precluded by the operation of the statute of frauds.

The resolution passed by the common council of the city of Albany on the fifteenth day of January, 1866, designated the plaintiff's newspaper as the official paper of the city, in accordance with former resolutions establishing an official organ. Soon thereafter the plaintiff filed a written acceptance of the terms of said resolution with the clerk of the common council, and thereby became entitled to the benefit thereof for the term of three years, unless the contract was void because it was not in writing, so as to take it out of the statute of frauds. The learned referee found that the resolution and acceptance constituted a contract between the

plaintiff and the defendant by which the plaintiff was to be the official organ for three years, and to publish the proceedings and do the printing as required, which would have been valid and binding if executed as required by the statute of frauds, but not being to be performed within one year was within the statute, as it was not subscribed by the defendant, and void.

According to the referee's finding the case presents the single question, whether there was a valid subscription to the contract by the defendant. I think that he erred in his conclusion, and for this error there must be a new trial.

The rules applicable to contracts of this character are well settled. According to the statute the agreement, or some note or memorandum thereof, must be in writing, subscribed by the party to be charged therewith (2 R. S., 135, § 2), or by the lawful agent of such party (2 R. S., 138, § 8). It is not essential that the contract should be a single instrument. (*Wright* v. *Weeks*, 25 N. Y., 160.) And a proposition containing the terms of a contract signed by one party, and an acceptance by the other in writing, is sufficient to constitute a complete contract. (*Vassar* v. *Kamp.*, 1 Kern., 441; *Haydock* v. *Stow*, 40 N. Y., 367.) In the case at bar the resolution of the common council was in the nature of a proposal, signed by the clerk in the minutes, and the writing signed by the plaintiff and filed with the clerk was an acceptance of the proposition made, which made a perfect and complete contract.

In thus signing the minutes of the common council, I think that the clerk was the lawful and authorized agent of that body, and that as such his act is obligatory upon them. He is an officer authorized by law to discharge certain duties (S. L. of 1842, chap. 275, § 11), and it was entirely within the range and scope of such duties to keep the minutes of its proceedings, to enter resolutions adopted and to affix his signature to them. In this respect he was their agent and officer, vested with full power and authority for such a purpose. It was not necessary that he should have authority to

make the contracts, and enough that he was a lawful agent for the purpose of subscribing his signature to the same.

A party may authorize another to subscribe his name to a contract as the agent of such party, without conferring power to enter into a contract.

The common council, as the representative of the corporation of the city of Albany, had authority to make such a contract, and it was the duty of the clerk, as their agent and officer, to enter the resolution by which the contract was intended to be made in the minutes which he kept, and to affix his name to this as well as to all other proceedings which that body might adopt. This being done, I am of the opinion that the entry and signing by the clerk was a subscription by the lawful agent of the common council, having ample authority for that purpose, which was quite as effectual and obligatory as if the resolution had been signed by all of the members thereof, and that the entry and subscription by the clerk in connection with the acceptance in writing of the plaintiff filed with that officer, rendered the contract complete and effectual. Where the members of a municipal corporation, lawfully convened by resolution, authorize a party to perform certain work, and such resolution is duly entered and subscribed by the proper officer who is vested with power for that purpose, and a written acceptance is filed by the party by whom the work is to be done with the officer who has thus acted as agent, it is difficult to see why there is not a valid contract which can be enforced. In the case at bar there is a proposal and acceptance, each of them signed, which together take the contract out of the statute of frauds and the evils which it was designed to remedy. Under such circumstances, where a proposition has been made and accepted, and both parties have acted, it cannot, I think, be claimed that the case is in any way analogous to one where an instrument executed by a party has not been delivered and therefore is not obligatory as a contract. (See *Robinson* v. *Cusman*, 2 Den., 153; *Jackson* v. *Little*, 12 Wend., 105.)

The question, whether the clerk was vested with power to

bind the common council by his signature, has been substantially decided in the Supreme Judicial Court of Massachusetts, in *Chase* v. *The City of Lowell* (7 Gray, 35). The case shows that the city council of Lowell, on the 20th of February, 1854, authorized the joint committee upon streets " to contract with and employ a suitable person for city engineer for the ensuing year, or for such time as they may deem expedient, at a rate of compensation *not to exceed one thousand dollars* per year, and also to employ a clerk for the service of the committee." The committee subsequently chose the plaintiff as their clerk for the " present municipal year," and city engineer for one year from the first of April following. The votes of the members of the committee were entered on the record and *signed* by the plaintiff as their clerk, and there was no other evidence either in the record or otherwise that the committee ever fixed the amount of compensation which the plaintiff should receive in either capacity. In October, 1854, the city council passed an ordinance which provided, among other things, that a city engineer should be chosen by the city council in the month of January, annually, and might be removed at any time by vote. The plaintiff continued to discharge the duties of the office of city engineer until January, 1855, when he was notified of the election of a successor, and afterward held himself in readiness to perform such duties until April 2d, 1855. The plaintiff brought an action to recover the last quarter's salary, and the objection was taken to a recovery, that the plaintiff's agreement with the defendant as engineer was not to be performed within one year from the making thereof, and therefore the statute of frauds was a defence to the claim. The objection was overruled and the plaintiff recovered the amount claimed. The court say: " But if that agreement was within the statute, we are of opinion that the recorded vote of the committee on streets, passed on 21st of February, 1854, and signed by the plaintiff as clerk, was a sufficient note or memorandum thereof in writing."

In the case cited, as in the case now considered, the rate of

compensation per annum was "not to exceed" a certain amount, but the case before us is far stronger than the one cited, as it appears that in the Massachusetts case the resolution was that of a committee and not the common council, and the clerk who made the entry was the plaintiff in the action.   The case is directly in point, and covers the question now considered.

The case cited also holds that the appointment by a city council, for a definite time, of a city officer or agent entitled to compensation for his services, if accepted by him, when no law prescribed a different time for the duration of the office or agency, constitutes a contract between him and the city, which cannot be changed by a subsequent ordinance of the city and vote of the common council without his consent.

If a contract was created by the resolution of the common council, then clearly there was no power to avoid its legitimate effect by subsequent proceedings declaring that the contract made was of no effect and by selecting other newspapers to perform the services required.

The defendant's counsel seeks to sustain the judgment upon grounds which are directly adverse to the second and third conclusions of law of the referee and the views expressed in his opinion.

He insists that the resolutions were not binding upon the defendants, because, 1st. They were not definite, and did not of themselves nor without resort to extrinsic evidence fix the terms of the contract and the sums to be paid; and, 2d. Because the resolution provided that a contract should be made by the chamberlain with the proprietors of the paper.

The referee, in his opinion, considers that the contract to report and publish the proceedings of the board at an annual expense, not to exceed $1,000, was consummated by the designation or offer to that effect by the board and its acceptance by the plaintiff; that this was in substance a contract to do this service for that sum per annum.   He also states that in this case no intervention of the chamberlain was required, and that the legal effect of the action of the board

was to offer the work to this plaintiff, and the plaintiff accepted the offer. I concur with the referee in the construction placed upon the resolutions; and although the last resolution refers to the former resolutions in general terms, yet, as it contained no specific provision for a distinct contract, it may, I think, be regarded as a mere offer of the work at a price and at rates which were stated in the former resolutions, which became settled, so far as any given amount was named, by an acceptance of the proposition in writing, filed with the clerk. The agreement thereby became fixed to pay the amount named in the first resolution for reporting and publishing the proceedings, and certain other rates for other work, as therein stated.

This construction was placed upon the expense of publishing the proceedings, by the payment by the chamberlain to the plaintiff, of one quarter's salary at the rate of $1,000 a year, thus fixing that amount.

It may also be remarked that it is quite apparent that the object of the direction, that the chamberlain enter into a contract with the proprietor of the newspaper designated by the board, was to secure an acceptance which would bind the proprietor, and not a condition upon the performance of which the validity of the contract depended. This object was accomplished by the written acceptance, filed with the clerk, and the intervention of the chamberlain, therefore, was not required. But even if a condition existed, it was waived by the acceptance in writing of the plaintiff, filed with the clerk. Both parties agreed to this as a substitute for a contract with the chamberlain, and acted upon it accordingly.

It is further insisted that the resolution under which the plaintiff claimed was void, because the yeas and nays were not entered upon the journal as required by law. (S. L., 1848, 217, § 1.) The referee found adversely to the defendant in this respect, and I think was clearly right. The resolutions first passed created a permanent official organ, and made provision for paying the expenses attending the same.

The last resolution merely designated an organ for the next three years, without adding to the expenditure which had previously been provided for. It merely filled a position already created, and included in the previous action of the common council.

As the amount which the plaintiff is entitled to recover may be changed by additional evidence upon another trial, this is not a case where the facts authorize the court to direct a judgment for the amount claimed by the plaintiff.

The defence interposed cannot be maintained, even on strict legal grounds; and it comports with justice as well as the law to direct that, for the error of the referee, the judgment be reversed and a new trial granted, with costs to abide the event.

DANIELS, J.   The judgment in this case should be reversed and a new trial ordered because the signature of the clerk to the resolution designating the Argus as the official paper of the city was the signature of the defendant's agent to the contract proposed by that resolution, and the one previously adopted in 1863.   That, under the statute, was sufficient to constitute a compliance with its provisions.   For every instrument required by any of its provisions to be subscribed by a party may be subscribed by the lawful agent of such party. (3d R., S., 5th ed., 222, § 8.)

And the fact that both parties afterward proceeded with the performance is sufficient to warrant the conclusion that the clerk was either originally empowered by the defendant to subscribe the resolution in its behalf, and in that manner complete the memorandum required by the statute, or that his act in doing so was afterward ratified by the defendant. And either would be sufficient to render the subscription by the clerk the act of the defendant.   For the ratification by the principal of the unauthorized act of an agent is equivalent in its effect to an original authority to perform the act itself. (*Hoyt* v. *Thompson's Ex'r*, 19 N. Y., 208, 218, 219.)

That made it the memorandum of the defendant, and,

within the case of *Chace* v. *City of Lowell* (7 Gray, 35), bound that body to its performance as a lawful contract. For although it may have been contemplated by the resolution of 1863, under which the designation was afterward made by the resolution of 1866, that a more formal contract should be entered into on behalf of the city by its chamberlain, the parties could waive the performance of that provision. And they seem to have done so by entering at once upon the performance of the agreement indicated by the resolution subscribed by the clerk, and its acceptance by the plaintiff. They had a right to waive the making of a formal contract, as long as the acts which were performed were sufficient to constitute the statutory memorandum, for that was as binding upon them as the most formal and detailed agreement which could have been drawn. And that they both intended to and did dispense with the making of any formal contract afterward, are fully shown by the subsequent acts and conduct of the parties under the memorandum which was made. For these reasons, as well as those fully discussed in the opinion of the presiding justice, MILLER, I concur in directing a new trial of the action.

New trial granted.