CHARLES E. APPLEBY, APPELLANT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK AND OTHERS, RESPONDENTS.

*Grant of lands under water by the authorities of the city of New York — when the authority conferred upon the comptroller is permissive only, and action thereunder cannot be controlled by the court.*

In 1869 the plaintiff, who was the owner of lands extending to the high-water line of the Hudson river, between two streets in the city of New York, applied to the commissioners of the sinking fund for a grant of the land under water in front of his lots. The commissioners having, as required by the ordinances of the city, referred the matter to the commissioner of the department of public works to ascertain what sum of money should, in his judgment, be charged as the consideration for such grant, and having received a report from him stating that the sum of fifty dollars per running foot should be charged as the consideration of the grant, adopted a resolution by which it was

*Resolved,* That the comptroller be and he is hereby authorized to cause a grant to be issued to Charles E. Appleby for the land under water on the North river, in front of the upland owned by him, between Fifty-sixth and Fifty-seventh streets, extending to the exterior line of the city as now fixed by law, and containing the usual covenants and conditions, at fifty dollars per foot, running measure."

The comptroller having refused to execute or deliver a conveyance, after a tender of the price required to be paid had been made, the plaintiff brought this action to compel the comptroller to cause a conveyance to be executed and delivered.

*Held*, that the action could not be maintained; that as the language of the reso-
lution was permissive only, and not mandatory, it conferred no absolute right
to the acquirement of the property by the plaintiff which would be enforced
by the court.

*The Argus Company* v. *Mayor, etc., of Albany* (7 Lans., 264; affirmed in 55 N. Y.,
495) distinguished.

APPEAL from a judgment in favor of the defendants, entered
on the trial of this action at the New York Special Term.

*Cecil Campbell Higgins*, for the appellant.

*James C. Carter*, for the respondents.

DANIELS, J. :

The plaintiff, in April, 1869, was, and since then has been, the
owner of lands extending to the high-water line of the Hudson river,
between the northerly line of Fifty-sixth street and the southerly
line of Fifty-eighth street, in the city of New York. As such
owner he, in 1869, applied to the commissioners of the sinking fund
for a grant of the land under water in front of his lots. This
application was made upon the ground that he had the pre-emptive
right under the law, as the owner of the upland, to acquire the title
to this property. This application was made under an ordinance of
the city committing the qualified control of the disposition of the
property on the water fronts to the commissioners of the sinking
fund. Under the ordinance they were required to refer the matter
of the sale to the comptroller and street commissioner of the city,
the powers of whose office at the time in controversy had been
vested in the commissioner of the department of public works, to
ascertain from them by their report what sum of money should in
their judgment be charged as the consideration for such grant.
They did make this reference, and the officer to whom it was made
reported that the sum of fifty dollars per running foot should be
charged as the consideration for the grant. This report was
accepted or approved by the commissioners of the sinking fund, who
adopted a resolution at a meeting held on the 18th of August,
1871, by which it was

" *Resolved,* That the comptroller be and he is hereby authorized
to cause a grant to be issued to Charles E. Appleby for the land
under water on the North river, in front of the upland owned by

him, between Fifty-sixth and Fifty-eighth streets, extending to the exterior line of the city as now fixed by law, and containing the usual covenants and conditions, at fifty dollars per foot, running measure."

The comptroller under this authority was applied to from time to time by the plaintiff to cause the grant or conveyance of the property to be executed and delivered to him, but that was declined and deferred for reasons which this officer regarded as rendering it his duty to withhold the conveyance. Finally, on the 19th of January, 1879, the plaintiff tendered to John Kelly, as the comptroller of the city, the amount of the price required to be paid for the land by this resolution. That was not received, and a refusal of the conveyance was at that time made by the comptroller. On the same day on which this resolution was adopted the sinking fund commissioners also

"*Resolved*, That no further grants of land under water be made, executed or delivered where the grant covers land under water in front of the land between high and low water-mark owned by the corporation, etc., of the city of New York, until further order of the board."

But as this resolution seems to have been adopted prior in point of time to that under which the plaintiff claims to be entitled to a conveyance of the property, it did not restrain the action of the sinking fund commissioners. And beyond that they afterwards, and in February, 1872, consented that the plaintiff might take out the water grant from the city upon his acceptance of additional terms qualifying and restraining the effect of the grant to be delivered. Those he did accept, and afterwards repeatedly requested the execution and delivery of the conveyance to him. The disposition of the case consequently depends upon the effect of the resolution, under which it has been claimed that it became the duty of the comptroller to cause the grant to be executed and delivered. It has been urged in support of the judgment that the provisions made by section 6 of chapter 574 of the Laws of 1871, enacted before the adoption of the resolution, and creating and defining the powers and authority of the department of docks of the city, superseded the right of the public authorities to convey this or other land under water upon either of the water fronts of

the city. But it is not necessary to determine whether that objection is well founded or not. Neither is it requisite that it should be decided whether or not the plaintiff, as the owner of the upland, was entitled to a pre-emptive right to acquire the title to this property to the extent to which it has been claimed, or any part of it. That subject was fully considered in the case of *The Mayor, etc.*, v. *Hart* (16 Hun, 380; affirmed, 95 N. Y., 443).

But under the resolution, which was finally adopted and constitutes the basis of the plaintiff's action, no absolute right to the acquirement of this property by the plaintiff was created. It proceeded no farther than to grant the authority to the comptroller to cause a conveyance of the property to be made. No mandatory language of any description was employed in it, but it was permissive solely in its effect. And that being its extent it created no such absolute duty upon the comptroller as will supply the legal foundation for an action of this description, which in effect is a suit for the specific performance of an agreement for the sale of lands. No defect in the case arises out of any omission properly to authenticate the resolution by the officers adopting it, but the infirmity is caused by the language in which the resolution itself was adopted, committing to the comptroller the authority, and nothing beyond that, to cause the grant to be executed and delivered.

This resolution differs very substantially from that which was deemed sufficient to create a contract in *The Argus Company* v. *Mayor, etc., of Albany* (7 Lans., 264; affirmed, 55 N. Y., 495). For the proceedings there were of such a nature as to complete and consummate a contract, for the employment of the plaintiff, to render the services for which compensation was claimed in the action. The language there used included no discretion whatever, but it provided for the publication of the proceedings of the board in one daily paper, at an expense mentioned in the resolution, and in which the advertising of the city was to be published at legal rates, and it then designated the plaintiff's paper as the newspaper in which the publication should be made. And after the expiration of the period for which that employment was provided, it was renewed and extended by a further resolution, as absolute and unqualified in its terms concerning the employment. There was reason, consequently, in that case for holding that the resolutions, with

their acceptance by the plaintiff, did create a contract which are not applicable to this controversy.   For here the commissioners of the sinking fund entered into no agreement entitling the plaintiff to a conveyance of this land.   Indeed, they had no authority to convey it themselves, but when they assented to the terms of the report made by the comptroller and street commissioner, the comptroller was empowered to cause the grant to be issued.   This was all the authority provided by the ordinance itself, and all which the resolution contained, and left the future action of the comptroller subject to his own volition as that might be controlled by what he deemed to be just or expedient, regarding the interests of the city in the case.   He concluded that the grant should not be made.   The language of the ordinance was such as to confide a discretion to him. He exercised it against the plaintiff, considering the public interests to require that action on his part, as one of the officials of the city. And having determined against the grant, the plaintiff cannot accelerate his action or require him to act differently by the intervention of an equitable action.   He has no absolute right certainly to the property.   And if the power to convey it still exists, notwithstanding the legislation of 1871, it must be voluntarily exercised on the part of the city officials.   Their favorable action cannot be compulsorily secured.   As the plaintiff could not maintain the action at all he was not injured by the exclusion of the evidence offered to show that he had actually improved the property. What he did in that respect was at his own risk, without any inducement held out to him to do so on the part of the city.   The judgment on these grounds was right and it should be affirmed, with costs.

BRADY, P. J., and CHURCHILL, J., concurred.

Judgment affirmed, with costs.