JOHN DEVITO, an Infant, by PETER DEVITO, His Guardian ad Litem, Appellant, *v.* CITY OF MECHANICVILLE, Respondent,

Third Department, July 2, 1937.

*Patrick J. Keniry*, for the appellant.

*Benjamin B. Rogers* [*W. S. Barrett* of counsel], for the respondent.

HILL, P. J.  Plaintiff appeals from an order dismissing his complaint at the close of his evidence in this action brought against the defendant city of Mechanicville for a breach of contract.  No

public hospital is operated within the corporate limits of the city. It contracts for the transportation of its poor and indigent residents to hospitals in nearby cities. It has followed the custom of making a contract for the term of two years, paying a lump sum annually, whether many or few persons make use of the ambulance. The contract also fixes the rates to be charged paying passengers. The contract expired on May 1, 1936; in April the city advertised for bids to be made before May eighth for a new contract. Three bids were presented; the plaintiff's bid of $475 annually was the lowest. By a resolution passed by the city council on that day " the awarding of the bid was deferred until an adjourned meeting, May 12, 1936, at 7:30 P. M., because of the fact that Commissioner Paaschen was absent." At the adjourned meeting the council awarded the contract to plaintiff by a resolution recorded in the minutes: " Motion made by Commissioner Paaschen, seconded by Commissioner Harvey, that John DeVito be awarded the contract to supply the city with an ambulance for two years beginning June 1, 1936, for the amount of $475 per year." Plaintiff was present at the meeting when the resolution was adopted and he thanked the council and accepted the contract. The record of the resolution awarding the contract was signed by City Commissioner of Accounts Moore. On May twelfth, but before the council meeting, Commissioner of Public Safety Paaschen inspected and approved the ambulance which plaintiff intended to purchase if the contract was awarded him, and which he did purchase on the following day. Plaintiff's bid, in compliance with the requirements, included a written contract prepared by the city. This required him, if the contract was awarded, to " provide an Ambulance, modern in every detail and approved by the Commissioner of Public Safety." The purchase of the approved ambulance was in part performance of the contract. Within a few days it developed that plaintiff was a minor twenty years of age and on May twenty-second the city records indicate that the council adopted a resolution : " Motion by Commissioner Paaschen, seconded by Commissioner Moore, due to the fact that John DeVito was under age that the contract be awarded to the next bidder, George Canfield. Motion carried." The action is brought upon the theory that a contract was entered into on April twelfth, the memorandum consisting of the written contract signed by the plaintiff together with the written resolution appearing in the council record book signed by Commissioner of Accounts Moore. The court in dismissing the complaint adopted the argument of the city that the acts which I have detailed were preliminary negotiations and that a contract was not entered into and that the city acted within its rights in

declining to consummate the negotiations by making a contract after learning that plaintiff was a minor.

The plaintiff having signed the written contract prepared by the city, it only remained for the city to accept or reject his proposal and offer. With the slight modification (changing the date when the term began from May first to June first) to which plaintiff assented, the council accepted the proposal. It is immaterial whether the memorandum of acceptance by the city appears on the instrument signed by plaintiff or in the council minute book signed by the commissioner of accounts. The entry of the resolution in the minute book and the signature of the commissioner at the end of the minutes of the meeting was a written memorandum of the contract which complied with the Statute of Frauds (Pers. Prop. Law, § 31) as to contracts not to be performed within one year. (*Argus Co.* v. *Mayor, etc., of Albany*, 55 N. Y. 495; *Marks* v. *Cowdin*, 226 id. 138; *Franklin Sugar Refining Co.* v. *Lipowicz*, 247 id. 465.) A contract made by a minor is not void but voidable only at the option of the minor. The obligation of the other contracting party is not lessened; the protection is for the benefit of the minor and the other party may not set up a defense of infancy. The city may not be heard to plead plaintiff's lack of responsibility when, after full opportunity for inquiry, a contract had been made, which he had partly performed by the purchase of an ambulance. (*Beardsley* v. *Hotchkiss*, 96 N. Y. 201; *Casey* v. *Kastel*, 237 id. 305; *Joseph* v. *Schatzkin*, 259 id. 241.) As to the obligation of a State or a municipality, it has been said: " There is not one law for the sovereign and another for the subject; but, when the sovereign engages in business and the conduct of business enterprises, and contracts with individuals, * * * whenever the contract, in any form, comes before the courts, the rights and obligations of the contracting parties must be adjusted upon the same principles as if both contracting parties were private persons. Both stand upon equality before the law, and the sovereign is merged in the dealer, contractor and suitor." (*People* v. *Stephens*, 71 N. Y. 527, 549; *Danolds* v. *State of New York*, 89 id. 36, 44.)

The city in its brief stresses the fact that plaintiff's proposal was for two years beginning May first, and that the resolution awarding the contract fixed June first as the time the term was to begin, and argued therefrom that the minds of the parties had not met. Each must have had in mind that the contract would begin after the proposals and bids were received on May eighth, and after the awarding resolution was adopted on May twelfth, and further, plaintiff was present at the council meeting and after the contract, as modified, had been awarded to him, he assented by expressing his thanks and gratitude to the council.

On the question of damages, it is sufficient to say that there was proof which would justify more than nominal damages at least. This may be augmented on a new trial.

The judgment should be reversed on the law, with costs, and a new trial granted.

RHODES, CRAPSER and HEFFERNAN, JJ., concur; BLISS, J., dissents upon the ground that the contract was not complete until the written agreement was signed, and that the city might rescind the award at any time prior to the execution of the written agreement.

Judgment reversed on the law, with costs, and a new trial granted.