McCAFFREY, Respondent, vs. TOWN OF LAKE, Appellant.

*January 17—April 9, 1940.*

*Herbert J. Piper,* attorney, and *Walter Schinz, Jr.,* of counsel, both of Milwaukee, for the appellant.

*Roy R. Stauff* of Milwaukee, for the respondent.

The following opinion was filed February 13, 1940:

FOWLER, J.   The plaintiff sues to recover $1,175 for services as an attorney which he alleges to be due and unpaid under an agreement of employment for two years by the town board of the defendant at $4,500 per year, payable monthly.   There is a demurrer to the complaint for insufficiency of facts.   The court overruled the demurrer.

The defendant first claims that the town board is without power to employ an attorney.   Sec. 60.29 (3), Stats., so far as it relates to employment of attorneys, provides that a town board has power:

"(3)  To procure legal advice when needed in the conduct of town affairs and employ counsel for that purpose; . . . to enter into the necessary contracts for the performance of such services. . . ."

The power to employ "when needed" implies the power to determine the need.   We consider that the town has the power to enter into a contract such as the plaintiff alleges it made.

The next point urged by the defendant is that the alleged contract being for two years is void under sec. 241.02 (1), Stats. The statute reads:

"In the following case every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith:

"(1) Every agreement that by its terms is not to be performed within one year from the making thereof."

The supervisors who constitute the town board of the town of Lake are by sec. 60.19, Stats., elected for a term of two years. The court takes judicial notice of this statute. The plaintiff claims that in view of the fact so noticed, the complaint shows that sec. 241.02 (1), Stats., above quoted, was complied with by having set out therein the record of the minutes of a town board meeting held on April 11, 1938, as follows:

"Appointment of town attorney made.

"Chairman Schneider moved that the present town attorney, P. J. McCaffrey, be retained as town attorney for the ensuing term, on the same basis as the last term in view of the fine service rendered by him during the last term of office. Motion seconded by Supervisor Calteux. Vote: Ayes, Chairman Schneider and Supervisor Calteux. Noes, Supervisor R. Schneider. Motion carried, Ayes 2, Noes 1.
                    "EUGENE P. DUNN, Town Clerk."

We consider that the town board meeting record, above quoted, is not a memorandum sufficient to answer the calls of the statute. It would appear to be an appointment or election to the office of town attorney, but for the fact that only the legislature can create a town office and the legislature has not created such office. It is no more than a memorandum evidencing a purpose of the town board to make a contract of the nature stated. It manifestly does not constitute a signed written contract. Nor is it a memorandum of a con-

tract "signed by the party to be charged." The party to be charged is the town, and only the town board can act for the town in the making of such a contract or in signing a memorandum effectual to charge the town by such a contract.

The complaint alleges a prior oral agreement with the members of the town board on the day of the passage by the board of the motion above referred to. But the oral agreement does not vitalize the ineffectual action of the town board at its meeting, nor does the ineffectual action of the town board at its meeting vitalize the void agreement of the members of the board.

The plaintiff cites several cases from other jurisdictions which he contends support his contention that the record of the passage of the motion above referred to is a sufficient memorandum under the statute. Of these cases those most nearly in point are: *Argus Co. v. City of Albany,* 55 N. Y. 495; *DeVito v. City of Mechanicville,* 251 App. Div. 514, 297 N. Y. Supp. 935; *Chase v. City of Lowell,* 73 Mass. 33; *Grimes v. Hamilton County,* 37 Iowa, 290; *Smith v. Board of Education* (D. C.), 23 Fed. Supp. 38. These cases, being from other jurisdictions, are not binding upon us. Nor are they of force unless by the reasoning on which they are based they are persuasive. They do not persuade us that an agreement not to be performed within one year is valid under the statute above quoted declaring it invalid unless the "agreement or some note or memorandum thereof, . . . be in writing and subscribed by the party charged therewith." Nor do they persuade us that anybody but the town board itself can by subscribing such an agreement or some note or memorandum thereof in writing, bind a town by such an agreement.

The complaint shows that the plaintiff entered into performance of said contract and fully performed it on his part until November 29, 1938, when further performance by him was rejected by the town, and that he was paid for his said services until said rejection. His only claim is for services

thereafter proffered under the alleged contract and rejected. But as the alleged contract was void, the town was under no obligation to continue the plaintiff in its employ, and his offer does not entitle him to recover.

Other points are raised by the appellant in its brief but as the above rules the case in its favor there is no need to discuss them.

*By the Court.*—The order of the circuit court is reversed, and the record is remanded with directions to enter an order sustaining the demurrer to the complaint.

A motion for a rehearing was denied, with $25 costs, on April 9, 1940.