PRODOEHL, Respondent, vs. CITY OF CUDAHY, Appellant.

*February 3—March 11, 1941.*

For the appellant there were briefs by *Edward G. Minor,* city attorney, and *Ward Dunphy* of Cudahy of counsel, and oral argument by *Mr. Dunphy.*

For the respondent there was a brief by *Padway, Goldberg & Tarrell,* attorneys, and *David Previant* of counsel, all of Milwaukee, and oral argument by *Mr. Previant.*

FOWLER, J. The plaintiff had been employed by the school board of the city of Cudahy as its superintendent for three years at $4,000 per year. Before expiration of his term the board passed a resolution reciting that whereas plaintiff's services for the current term had been satisfactory, etc., "therefore be it resolved by the . . . [board] that the present contract . . . be renewed;" and "be it further resolved that the secretary is hereby instructed to draw up the proper contract and have same signed by the proper officers." The plaintiff sued to recover on the theory that the entry of this resolution on the minutes of the meeting of the board and the signing of the minute by the secretary of the board constituted the contract alleged. The civil court granted a judgment of nonsuit. The circuit court reversed this judgment and ordered a new trial.

It seems *a priori* that the instant case is ruled by *McCaffrey v. Lake,* 234 Wis. 251, 253, 290 N. W. 283, which was decided after the decisions of the civil and circuit courts were rendered.

McCaffrey had been employed by the town board as the town's attorney for a term of two years. After expiration of this term, at a town board meeting at which McCaffrey was present, a motion was passed that McCaffrey "be retained as town attorney for the ensuing term, on the same basis as the last term in view of the fine service rendered by him during the last term." This motion was recorded on the minutes of the meeting and signed by the town clerk. We held that the minutes so entered and signed did not comply with sec. 241.02 (1), Stats., which provides that every agreement that by its terms is not to be performed within one year from the making thereof is void unless "such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith." We held that the agreement in the *McCaffrey Case,* while the recording of the resolution constituted a sufficient

"note or memorandum in writing" was void because it was not subscribed by the town board, the only body authorized to act for the town.

Comparison of the minute of the instant resolution with the minute of the motion in the *McCaffrey Case* shows that they are practically the same in content. The one was signed by the town clerk, who was not a member of the town board, the other by the secretary of the school board, who was a member thereof. But the functions of the two were the same. The function of each was to make and sign a record of the proceedings of the meeting. We do not perceive that the factual difference stated at all changes the effect of the two memoranda. As we said in the *McCaffrey Case,* pages 253, 254, the minute of the instant meeting is "no more than a memorandum evincing a purpose of the town [school] board to make a contract of the nature stated. It manifestly does not constitute a signed written contract. Nor is it a memorandum of a contract 'signed by the party to be charged.' The party to be charged is the town [city], and only the town [school] board can act for the town [city] in the making of such a contract or in signing a memorandum effectual to charge the town [city] by such contract."

The plaintiff contends that in the *McCaffrey Case* the continuance of an existing valid contract was not involved, while here the motion was for renewing an existing contract. The language of the *McCaffrey* contract was "retained;" in the instant case it is "renewed." We do not perceive any material difference in the effect of these two words in the two resolutions. The purpose of the one was to make a valid contract of employment; the purpose of the other was to have a valid contract of employment made. If the one purpose failed so did the other.

Nor does the circumstance distinguish the cases that in the *McCaffrey Case* there was an oral agreement precedent to the passage of the resolution while in the instant case there

was none. True, the point is made that in the *McCaffrey Case* the valid contract had expired while here it had not, but this too seems not in reason to affect the case. In both, the terms of the contracts contemplated were equally definite and certain, and in both, the imputation is that a contract should be made, not that it was made. In the instant case it was contemplated by both parties that a written contract should be entered into. The resolution expressly directed the secretary to draw up a proper contract and have it executed by the proper officers. Such a contract regularly would have been so drawn up, signed by the proper officers of the board, and have become operative if and when delivered and retained or expressly accepted by the plaintiff.

It is contended by the plaintiff that he accepted the offer evidenced by the resolution and that from his acceptance a valid contract resulted. He states that he understood by the resolution that he was engaged for a period of three years; that he had no intention of rejecting the resolution, and that if the board had signed the formal contract contemplated by the resolution he would have accepted it. We cannot construe this as an acceptance or warranting an inference of acceptance of the contract contemplated by the resolution. Manifestly, the school board did not understand that a contract was entered into, for they rescinded the resolution before any action was taken pursuant to it. No common understanding as to the effect of the resolution having been reached, the understandings reached were of no effect.

The *McCaffrey Case* is reported in 127 A. L. R. 233, and a note is inserted thereto. A great number of cases stated in the note seem to adopt the view that the minute of a resolution of a municipal body authorized to contract, expressing the terms and consideration of employment, whether signed by the clerk or secretary of the municipality or not, is a sufficient memorandum in writing to satisfy the statute of frauds. While such a minute no doubt makes the terms of

the contemplated employment definite and certain, and thus protects the municipality against the fraud the statute is aimed to prevent, such a memorandum obviously is not a memorandum "subscribed" by the municipality, as our statute expressly provides a memorandum shall be. To follow the rule of the cases referred to would obviously be an evasion of, not a compliance with, our statute. Not all the cases cited in the A. L. R. note were cited in the briefs filed in the *McCaffrey Case,* but several of them were, and were considered by us and disapproved as our opinion in that case shows. That decision was rendered upon due consideration, and we see no reason to overrule it.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment affirming the judgment of the civil court.