121–129 BROADWAY REALTY, INC., Appellant, v. CITY OF SCHENECTADY, Respondent.

APPEAL from an order of the Supreme Court at Special Term, entered March 10, 1962 in Schenectady County, which denied a motion by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.

*Per Curiam.* Appeal is taken from an order of the Supreme Court at Special Term, which denied plaintiff's motion for summary judgment in an action to compel defendant city to perform its alleged agreement to purchase certain lands.

Defendant, a city of the second class, operates under Plan C of the Optional City Government Law (L. 1914, ch. 444) which vests all legislative powers in the Council (§ 87), composed of the Mayor and six Councilmen, and all administrative and executive powers in the City Manager (§ 90).

The City Manager signed a letter addressed to "Mr. Chester L. Fienberg Standard Furniture Company 547–557 River Street Troy, New York", in which the City Manager stated that he had "been authorized by the Council" to offer $125,000 for a designated parcel of land at 121–125 Broadway, Schenectady, to be used to widen the street upon which it abutted, and that unless the offer should be accepted within the time specified "we will be forced to institute condemnation proceedings". A letter of acceptance, referring to the offer "regarding our property", was signed "Standard Furniture Company Chester L. Fienberg, Treasurer".

The complaint alleges that "plaintiff, a/k/a Standard Furniture Company," is the owner of the property, and a moving affidavit repeats this allegation and further refers to the past occupancy of the premises, under lease, the term of which is not averred, by a corporation which is not named. Defendant shows that certificates, pursuant to section 440 of the Penal Law, each as to the conduct of business under the name of "Standard Furniture Company", were filed by Fienberg Furniture Co., Inc., in Schenectady County, in Albany County and in Rensselaer County, by Leonard Furniture Company in Schenectady County, and by Florence Furniture Company in Rensselaer County; and that no similar certificate was filed in either of these counties by plaintiff corporation. The defendant pleads as a defense that plaintiff is not the real party in interest. Assuming *arguendo* an otherwise valid contract, there has been no showing, or at least none sufficient to warrant summary judgment, that

the contract was intended to be or was with plaintiff. Further, and with or without reference to the defense, it is clear that there exists uncertainty as to the title or at least as to possible enforcible interests, whether or not of record, including the interest of the unidentified entity Standard Furniture Company, with whom the negotiations ostensibly were had, to say nothing of the unnamed corporate tenant; and such uncertainties have not been, and in view of their nature could not be, dispelled by affidavit; and certainly the title and any and all enforcible interests could not be conclusively established by that means, as plaintiff has attempted to do.

If the determination to acquire the real property in question be deemed to constitute a legislative act of the city (cf. *Matter of City of New York* [*Ely Ave.*], 217 N. Y. 45, 57; *People ex rel. Schanck* v. *Green*, 64 N. Y. 499, 506; *Kleiber* v. *City and County of San Francisco*, 18 Cal. 2d 718, 722; *Hopping* v. *Council of the City of Richmond*, 170 Cal. 605), an ordinance would be required (Second Class Cities Law, § 35). Upon the papers before us, it is not possible to determine whether, prior to the negotiations giving rise to the alleged agreement before us, action to authorize the acquisition of all property necessary to the street-widening project had been taken or, if so, whether that action was in conformity with the procedure required under the Optional City Government Law (see, e.g., § 36) and the Rules of Order and Procedure of the Council of the City of Schenectady (see e.g., § 17) for the enactment of ordinances, the procedure being more strict and surrounded with greater safeguards than that for the adoption of resolutions. Even if general authorization to acquire abutting property had been given, such would not necessarily and *ipso facto* authorize the specific purchase and the consideration set forth in the agreement before us nor confer authority upon the City Manager to proceed without a specific ordinance or resolution. The City Manager was, of course, no more than the agent of the city and it is apparent that he subscribed the letter as such, after stating, whether correctly or not, that he had been authorized by the council. In such case an agent's authorization must be in writing, under the Statute of Frauds (Real Property Law, § 259), which defendant has pleaded. A municipal corporation "can make no note or memorandum [within the Statute of Frauds], nor subscribe the same, save by an officer or agent thereof" (*Argus Co.* v. *Mayor of Albany*, 55 N. Y. 495, 501); and since a recorded resolution or ordinance is deemed to constitute a "note or memorandum * * * expressing the consideration" (Real Property Law, § 259) of the contract itself (*Argus Co.* v. *Mayor of Albany, supra*, p. 501; *Village of Lake George* v. *Town of Caldwell*, 3 A D 2d 550, 553, affd. 5 N Y 2d 727), such written and authenticated resolution or ordinance would also sufficiently evince the agent's authority. The proof in the papers before us falls far short of demonstrating that any valid corporate action of this nature was taken and reduced to writing. As respects a resolution, plaintiff relies on the pretrial testimony of the City Manager which established neither a legal council meeting nor a resolution or memorandum, the witness stating that at an "informal" meeting of the members of the council, which seems to have been held at neither the time nor place required by the council's rules of procedure, nor publicly, as is also required, an "informal vote was taken and my recollection is that each and every Councilman and the Mayor nodded assent that I should be authorized to offer $125,000." Asked if he or anyone else made any "written notes of the meeting", the City Manager replied, "Not to my knowledge."

The order should be affirmed, without costs.

Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.

Order affirmed, without costs.