11-4423-cv(L); 11-4518-cv(XAP)
*Republic of Benin v. Mezei*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand twelve.

PRESENT:

>    JOSÉ A. CABRANES,
>    REENA RAGGI,
>    SUSAN L. CARNEY,
>         *Circuit Judges.*

------------------------------------------------

REPUBLIC OF BENIN,

>    *Plaintiff-Counter-Defendant-*
>    *Appellee-Cross-Appellant,*

>     v.

BEVERLY MEZEI,

>    *Defendant-Cross-Defendant-Counter-*
>    *Claimant-Cross-Claimant-Appellant-Cross-*
>    *Appellee,*

ROBIN SHIMOFF,

>    *Defendant-Cross-Claimant-Cross-Defendant-*
>    *Appellant-Cross-Appellee,*

No. 11-4423-cv(L)
No. 11-4518-cv(XAP)

1

OFFICER OF THE REGISTER, CITY OF NEW YORK,
CITY OF NEW YORK, FIRST AMERICAN TITLE INSURANCE
COMPANY OF NEW YORK, ALFRED KOLLER, JOEL ADECHI,

    *Defendants-Cross-Defendants.*

_____

| | |
|---|---|
| **FOR REPUBLIC OF BENIN:** | TERRANCE G. REED (Michael R. Atadika, Atadika & Atadika, New York, NY, *on the brief*), Lankford & Reed PLLC, Alexandria, VA. |
| **FOR ROBIN SHIMOFF:** | EDWARD R. FINKELSTEIN, Finkelstein Filler, LLP, New York, NY. |
| **FOR BEVERLY MEZEI:** | Todd H. Hesekiel, Ackerman, Levin, Cullen Brickman & Limmer LLP, Great Neck, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment entered on September 30, 2011 is **AFFIRMED**.

Beverly Mezei and Robin Shimoff appeal from the District Court's September 30, 2011 judgment, which decreed, *inter alia*, that Benin pay Shimoff $39,000 plus interest in restitution to Shimoff and that, upon such payment, the two deeds granting the premises located at 4668 Grosvenor Avenue, Bronx, New York (the "Lot") from Benin to Shimoff and from Shimoff to Mezei be deemed cancelled and of no force. App'x 1133. We assume the parties' familiarity with the background of the case, which we reference only as necessary to explain our decision to affirm.

### BACKGROUND

In October 2004, Shimoff purported to purchase the Lot from Benin for $650,000 by deed dated October 1, 2004 ("Deed I"), which was signed by Shimoff and Thomas Guedegbe, who was then the Director of Administration of Benin's Ministry of Foreign Affairs. Roughly a year later, Shimoff purported to sell the Lot to Mezei for $1.25 million by deed dated October 11, 2005 ("Deed II").

After Mezei put a fence up on the Lot in November 2005, Benin filed this action to vacate both deeds. Benin argued that the deeds must be vacated because (1) Guedegbe lacked actual or apparent authority to sell the Lot, and (2) Shimoff did not obtain a writing stating that Guedegbe had such authority, as required by the statute of frauds. Shimoff and Mezei responded that the

2

statute of frauds did not apply and, in any event, Guedegbe had actual and apparent authority to sell the Lot.

On September 9, 2010, the District Court granted Benin's summary judgment motion and denied Shimoff's and Mezei's cross-motion regarding the validity of the deeds. The remaining claims—Shimoff's claim for restitution, Benin's and Mezei's fraud claims against Alfred Koller, the attorney who allegedly assisted Guedegbe in effectuating the purported sale of the Lot to Shimoff, and Shimoff's negligent misrepresentation claim against Koller—were tried in a bench trial on July 18-19, 2011. On September 20, 2011, the District Court issued an Opinion and Order dismissing the fraud and negligent misrepresentation claims against Koller, and granting Shimoff restitution in the amount of $39,000. This appeal and cross-appeal followed.

On appeal, Shimoff and Mezei argue that the deeds are valid because: (1) the statute of frauds does not apply, as Guedegbe was not an "agent" of Benin under N.Y. Gen. Oblig. Law § 5-703(2), and (2) in any event, Guedegbe had actual and apparent authority to sell the Lot. They argue, in the alternative, that if we agree with the District Court's conclusion that the deeds are void, then Shimoff is entitled to $650,000 in restitution. On cross-appeal, Benin argues that Shimoff is not entitled to restitution.

## DISCUSSION

We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). Factual findings made after a bench trial are reviewed for clear error, but a district court's legal conclusions are reviewed *de novo*. *LoPresti v. Terwilliger*, 126 F.3d 34, 39 (2d Cir. 1997).

### A. The District Court Properly Granted Summary Judgment in Favor of Benin

The New York statute of frauds provides that "[a] contract . . . for the sale[ ] of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." N.Y. Gen. Oblig. Law § 5-703(2). Shimoff and Mezei concede that no such writing exists in this case; rather, they assert that no writing is required under the so-called "corporate officer exception" to the statute of frauds. *See, e.g.*, *Cinema N. Corp. v. Plaza at Latham Assocs.*, 867 F.2d 135, 140 (2d Cir. 1989). In other words, Shimoff and Mezei argue that, like a corporation, a foreign government cannot act for itself, and thus, the acts of senior foreign government officials should be deemed acts of that government. We disagree and decline to extend the "corporate officer exception" to foreign governments.

3

Shimoff and Mezei point to no case that applies the "corporate officer exception" to government officials. To the contrary, the only cases that discuss the statute of frauds with regard to government officials have concluded that the statute of frauds *does apply*. *See 121−129 Broadway Realty, Inc. v. City of Schenectady*, 17 A.D.2d 1016, 1017 (3d Dep't 1962) (stating that a city manager was "no more than the agent of the city" and that "an agent's authorization must be in writing, under the Statute of Frauds"); *James v. Government of Saint Lucia*, No. 5418/07, 2009 WL 1018628, at *5 (N.Y. Sup. Ct. Apr. 16, 2009) (noting that the written authorization requirement "applies to conveyances of government-owned real property") (citing *City of Schenectady*, 17 A.D.2d at 1017). Moreover, we find the policy arguments in favor of extending the "corporate officer exception" put forth by Shimoff and Mezei unpersuasive.

For these reasons, the District Court correctly determined that Deed I is void under New York's statute of frauds.[1] In light of this conclusion, we need not reach the parties' arguments relating to actual and apparent authority.

### B. The District Court's Restitution Award Was Correct

Each party on appeal argues that the District Court's restitution award of $39,000 in favor of Shimoff was incorrect; Shimoff seeks $650,000 in restitution, while Benin seeks to pay nothing. We agree with the District Court's determination in support of the $39,000 restitution award, substantially for the reasons stated in Judge Koeltl's careful and comprehensive Opinion and Order dated September 20, 2011.

### CONCLUSION

We have considered the remaining arguments of Shimoff and Mezei on appeal, as well as Benin's remaining arguments on cross-appeal, and find them all to be without merit, substantially for the reasons stated by the District Court. Accordingly, we **AFFIRM** the District Court's September 30, 2011 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Because Deed I is void, Shimoff had no title to convey the Lot to Mezei, and thus, Deed II is likewise void.

4